**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| KATIE S. SAVOY | CIVIL ACTION NO. 6:10-0379 |
| LA. DOC #526612 | |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| WARDEN JIM ROGERS | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Petitioner Katie S. Savoy ("Savoy") filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on March 9, 2010. Petitioner is an inmate in the custody the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. Savoy attacks her August 9, 2007 conviction for negligent homicide, entered in the Fifteenth Judicial District Court for Lafayette Parish, Louisiana.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner was charged with manslaughter for the death of an eleven month old child that she was babysitting. On August 9, 2007, following a trial by jury, petitioner was convicted of the responsive verdict of negligent homicide. Petitioner's post-verdict judgment of acquittal was denied on October 30, 2007. On November 9, 2007, petitioner was sentenced to serve five (5) years imprisonment.

Petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals on December 10, 2008; rehearing was denied on February 4, 2009. *State v. Savoy*, KA 2008-716, 999 So.2d 285 (La. App. 3rd Cir. 12/10/2008), *rehearing denied* (2/4/2009). Petitioner's request for further direct review in the Louisiana Supreme Court was denied on November 20, 2009 when the court denied her application for writ of *certiorari. State v. Katie Savoy*, 2009-K-0509, 25 So.3d 785,(La. 11/20/2009).

Petitioner filed the instant federal *habeas corpus* petition on March 9, 2010. Petitioner asserts the following claims for relief: (1) that she was denied due process in connection with the denial of her post-verdict judgment of acquittal which was based on the jurisprudentialy created rule (*see State ex rel Elaire v. Blackburn*, 424 So.2d 246 (La. 1982)) that absent a contemporaneous objection, a defendant cannot attack the sufficiency of a legislatively authorized responsive verdict, provided that the evidence supports the charged offense; and (2) that she was denied due process because there was insufficient evidence to support her conviction for negligent homicide.

The State has filed an Answer and submitted the state court record for this court's review. [docs. 9 and 10]. Petitioner has filed a Reply. [doc. 14]. This Report and Recommendation follows.

After a full review of the record, the undersigned finds that petitioner's claims are procedurally defaulted. Accordingly, for the following reasons, it is recommended that the petition be **DENIED AND DISMISSED WITH PREJUDICE**.

## LAW AND ANALYSIS

By the instant petition, Savoy asserts two claims for relief. The crux of both claims, however, is that Savoy contends that she was denied due process because although she was charged with manslaughter, the jury convicted her of negligent homicide, a legislatively authorized responsive verdict, and that there was insufficient evidence presented at trial to support a verdict of guilty of negligent homicide.

It is undisputed that Savoy did not object to the court's jury charge, which included negligent homicide as a responsive verdict. To the contrary, Savoy first complained of the responsive verdict jury charge by a motion for post-judgment verdict of acquittal on October 23, 2007, over two months after the jury returned its August 9, 2007 verdict. By that motion, Savoy sought a judgment of acquittal.

It is further undisputed that the Louisiana Third Circuit Court of Appeal, the last reasoned opinion on Savoy's claims, declined to reach the merits of petitioner's claims because petitioner did not contemporaneously object to the inclusion of negligent homicide in the instructions given to the jury. *State v. Savoy*, KA 2008-716, 999 So.2d 285 (La. App. 3rd Cir. 12/10/2008), *rehearing denied* (2/4/2009).

In so holding, the Third Circuit extensively discussed the jurisprudential and statutory background surrounding the Louisiana responsive verdict system, which permits a defendant the benefit of having the jury enter a compromise verdict to a lesser legislatively authorized responsive verdict, so long as the evidence supports the charged

3

offense. *See Id.*

In its decision on direct appeal, the Third Circuit expressly found that the contemporaneous objection rule set forth in *Elaire* was not legislatively overruled by the Louisiana legislature's 1985 amendment to La. C. Cr. P. article 814(C), which substituted mandatory language for earlier discretionary language (*Id*. at 288-290), nor was the rule in any way undermined by a 2008 House Concurrent Resolution (No. 3 for the 2008 Regular Session), as that resolution merely directed the Louisiana State Law Institute to study article 814(C) to determine if amendments to the article were necessary. The Third Circuit recognized the obvious, that is, that the concurrent resolution does not have the force of law.[1] *Id*. at 290-291.

Furthermore, the Third Circuit expressly found, as set forth by the Louisiana Supreme Court in *State v. Porter*[2], that article 814(C) codified the *Elaire* contemporaneous objection rule, while incorporating the trial court's authority, recognized by the Louisiana Supreme Court in *State v. Henry*[3], to strike a responsive verdict on its own motion. *Id.* at 290.

The Third Circuit's holding is consistent with the Louisiana Supreme Court's justification for the *Elaire* contemporaneous objection rule and admonition to defense

---

[1] The Third Circuit also recognized that since the 2008 Legislature is in no position to know the intent of the 1985 Legislature, that the resolution, insofar as is attempts to state legislative intent, is merely interpretive. *Id*. at 290.

[2] 639 So.2d 1137 (La. 1994).

[3] 449 So.2d 486 (La. 1984).

4

counsel that "[i]t would be unfair to permit the defendant to have the advantage of the possibility that a lesser 'compromise' verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence didn't support the responsive verdict to which he failed to object." *Elaire*, 424 So.2d at 251-252. Indeed, the Louisiana Supreme Court noted that "[t]o hold otherwise would permit [a] defendant to gamble on getting the benefit of the lesser verdict (and *acquittal* of the offense charged) and then complain for the first time on appeal that the jury should not have been permitted to consider the unsupported responsive verdict." *Id.* at 251 fn. 11 (emphasis in original).

That is exactly what petitioner seeks to do herein. Savoy received the benefit of the Louisiana responsive verdict system by allowing the jury to consider the legislatively authorized responsive verdict of negligent homicide by failing to object to the court's jury charge, and she now complains that she should be acquitted, not only of the charged offense, but also of the "compromise" responsive verdict entered against her. To accept petitioner's present argument, would, in effect, likely invalidate Louisiana's responsive verdict system, allowing only entry of a verdict which is a true lesser and included offense to the crime charged, which is contrary to the Louisiana legislature's judgment that negligent homicide should constitute an offense of a lesser grade than manslaughter which the jury should be permitted to consider.

For the reasons which follow, petitioner's failure to object to the inclusion of negligent homicide in the jury charge, is fatal to her federal *habeas* claims.

**I. Procedural Default**

The State argues that petitioner's claims are traditionally procedurally defaulted. More specifically, the State argues that the Louisiana state courts declined to reach the merits of petitioner's claims based on the contemporaneous objection rule enunciated in *State ex rel Elaire v. Blackburn*, 424 So.2d 246 (La. 1982) as a result of petitioner's failure to object at trial to the inclusion of negligent homicide in the instructions given to the jury. For the reasons which follow, the undersigned finds that the State's position is well taken.

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to exhaust all available state remedies, and the state court to which she would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson,* 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728

(1999).

The "traditional" procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. When a state court denies relief on both procedural and substantive grounds, application of the procedural default doctrine is not precluded. *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) *citing Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. *See Sones v. Hargett*, 61 F.3d 410, 416-417 (5th Cir. 1995) *citing Coleman*, 501 U.S. at 731 and *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998) *citing Amos v. Scott,* 61 F.3d 333, 339 (5th Cir. 1995). A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for relief. *Id. citing Lott v. Hargett* 80 F.3d 161, 165 (5th Cir. 1996). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified in this case satisfies both requirements. The Louisiana Third Circuit Court of Appeal expressly relied on the contemporaneous objection rule set forth in *Elaire* to deny review of petitioner's claims. *State v. Savoy*, KA 2008-716, 999 So.2d 285 (La. App. 3rd Cir. 12/10/2008), *rehearing denied* (2/4/2009). The Louisiana Supreme Court denied writs without comment. *State v. Savoy*, 2009-K-0509, 25 So3d 785 (La. 11/20/2009). Accordingly, the last reasoned decision on petitioner's claims, that of the Louisiana Third Circuit Court of Appeal, clearly and expressly relied on the state procedural rule as the basis for its Judgment. *See Harris* and *Sones, supra*. As such, the procedural rule relied on by the Third Circuit as the basis for rejection of petitioner's claims satisfies the "independence" requirement.[4]

Furthermore, petitioner makes no showing that the rule is not strictly or regularly followed, or evenhandedly applied. Thus, the state court procedural rule is presumed "adequate." Savoy bears the burden of showing that the state did not strictly or regularly follow the procedural bar. *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002) *citing Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Further, Savoy must demonstrate that "the state has failed to apply the procedural bar to claims identical or similar to those raised by [Savoy her]self." *Id*.

---

[4] The Louisiana Supreme Court did not articulate reasons for its denial of writs. However, where there has been a reasoned state court judgment which explicitly rejects the federal claim on state procedural grounds, subsequent unexplained judgments upholding the previous judgment or rejecting the claim are presumed to rely upon the same ground. In other words, when the last reasoned decision on the claim explicitly relied upon a state procedural default, federal courts must presume that later decisions rejecting the claim "did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

Savoy cites no cases to satisfy this burden. Indeed, review of published Louisiana jurisprudence establishes that the Louisiana courts regularly invoke this procedural rule to preclude review of similar sufficiency of the evidence claims. *See e.g. State v. Smith*, 978 So.2d 545 (La. App. 3rd Cir. 2008); *State v. Robinson*, 54 So.3d 1208, 1212-1214 (La. App. 4th Cir. 2010); *State v. Collins*, 43 So.3d 244, 250-252 (La. App. 1st Cir. 2010); *State v. Jeter*, 33 So.3d 1041, 1043-1045 (La. App. 3rd Cir. 2010).

Furthermore, the Fifth Circuit and this court have relied on the contemporaneous objection rule set forth in *Elaire* when determining sufficiency of the evidence claims. *See Schrader v. Whitley*, 904 F.2d 282, 284-285 (5th Cir. 1990); *Papillion v. Cain*, 2007 WL 3046063, *4-5 (W.D. La. 2007); *Barron v. Warden, LaSalle Correctional Center*, 2006 WL 3087683, *3-4 (W.D. La. 2006). *See also Higginbotham v. Cain*, 2006 WL 846733, *5-6 (E.D. La. 2006); *Gillespie v. Wilkinson*, 2010 WL 5373931, *6-9 (E.D. La. 2010).

Finally, the Fifth Circuit has rejected the specific argument advanced by petitioner herein. In *Bates v. Blackburn*, 805 F.2d 569 (5th Cir. 1986), *overruled in part on other grounds* by *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038 (1989), the petitioner, who was charged with first degree murder was convicted of the responsive verdict of second degree murder. The trial record was completely devoid of any evidence of one of the elements of second degree murder. The petitioner argued that his second degree murder conviction was not supported by sufficient evidence, and that, therefore, the rule of

9

*Jackson v. Virginia*, 443 U.S. 309, 99 S.Ct.1068 (1979) had been violated.[5] The Court, relying on the Louisiana contemporaneous objection rule set out in *Elaire*, held that the failure to object to the responsive verdict jury instruction constituted a procedural default of the claim, which, therefore, could not be considered.

**Procedural Default Excuses**

When the procedural rule has been shown to be both adequate and independent, this court may refuse to review the merits of a petitioner's claims unless the *habeas* petitioner demonstrates that he should be excused from application of the procedural default doctrine. The petitioner may do this by showing cause and prejudice for the default or by showing that a complete miscarriage of justice will occur if the merits of the claims are not considered. *Coleman*, 501 U.S. at 750; *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Hughes v. Quarterman,* 530 F.3d 336, 341 (5th Cir. 2008); *Murray*, 477 U.S. at 496.

**Cause and Prejudice**

In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense:

> "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective

---

[5]Under *Jackson*, a conviction must be reversed if, after reviewing the evidence in the light most favorable to the prosecution, the Court finds that no rationale trier of fact could have found the defendant guilty, beyond a reasonable doubt, of the offense of which the defendant was convicted.

> impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard."

*Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted).

Petitioner failed to present any argument as to why her claims are not barred by the procedural default doctrine. Petitioner suggests that her due process claims are not subject to procedural default because a defendant cannot "waive" her due process rights to have every element of the crime of which she is convicted proven beyond a reasonable doubt because she failed to object to the court's jury charges. Petitioner's argument is unpersuasive, as the seriousness of an alleged constitutional error does not change the rules governing procedural default. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).[6]

Moreover, both the United States Supreme Court and the Fifth Circuit have procedurally barred due process, as well as other constitutional claims, in the absence of a contemporaneous objection. *Livingston v. Johnson,* 107 F.3d 297, 311-312 (5th Cir.), *cert. denied,* 118 S.Ct. 204 (1997) (procedural default doctrine applies to a claim that the jury charge contained an erroneous definition of intent allowing a jury to convict petitioner of capital murder without finding a specific intent to cause the victim's death);

---

[6] "While the nature of a constitutional claim may affect the calculation of cause and actual prejudice, it does not alter the need to make that threshold showing. Therefore, any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle,* 456 U.S. at 129.

11

*Duncan v. Cain,* 278 F.3d 537, 541-543 (5th Cir. 2002) (barring a due process claim regarding an unconstitutional reasonable doubt jury charge in the absence of a contemporaneous objection); *Williams v. Puckett*, 283 F.3d 272 (5th Cir. 2002) (barring a due process claim directed at the state court's failure to instruct the jury on elements of a crime because no contemporaneous objection was made); *Frazier v. Dretke*, 145 Fed. Appx. 866, 869-872 (5th Cir. 2005) (finding a due process challenge to the jury charge in a capitol case procedurally barred because no contemporaneous objection was lodged); *Rowell v. Dretke*, 398 F.3d 370, 374-75 (5th Cir.), *cert. denied*, 546 U.S. 848, 126 S.Ct. 103, 163 L.Ed.2d 117 (2005) (holding a defendant's failure to timely object to alleged errors in a jury charge barred federal *habeas* relief of the alleged unconstitutional jury charge under the procedural default doctrine). *See also Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977) (applying the procedural default doctrine to a claim that the defendant's confession was unconstitutionally obtained in the absence of a contemporaneous objection)*; Williams v. Cain*, 125 F.3d 269, 274-276 (5th Cir. 1997) (procedurally barring claims of discrimination in the selection of the grand jury and its foreman in the absence of a timely pre-trial motion to quash); *Pickney v. Cain,* 337 F.3d 542 (5th Cir. 2003) (same)*; Francis v. Henderson*, 96 S.Ct. 1708 (1976) (barring a federal constitutional challenge to the composition of the grand jury); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577 (1973) (applying default principles to a federal grand jury claim); *Wright v. Quarterman*, 470 F.3d 581, 586-89 (5th Cir. 2006), *cert. denied*, 551 U.S. 1134, 127 S.Ct.

2996, 168 L.Ed.2d 707 (2007) (Confrontation Clause claim procedurally barred in the absence of a contemporaneous objection); *Cardenas v. Dretke*, 405 F.3d 244, 249 (5th Cir. 2005), *cert. denied*, 548 U.S. 925, 126 S.Ct. 2986, 165 L.Ed.2d 987 (2006) (holding a petitioner's failure to contemporaneously object to a venire member's exclusion barred federal *habeas* review of a *Batson* claim); *Turner v. Quarterman*, 481 F.3d 292, 300-301 (5th Cir. 2007) (unconstitutional venire selection process claim procedurally defaulted because no contemporaneous objection lodged); *Cotton v. Cockrell*, 343 F.3d 746, 753-755 (5th Cir. 2003) (due process claim procedurally barred). Petitioner's due process claims are no exceptions to this well established rule.

Accordingly, petitioner has not demonstrated cause for her default. Because petitioner has not demonstrated cause for her default, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *Moore*, 83 F.3d at 704 *citing Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir. 1995).

**Miscarriage of Justice**

Petitioner also fails to demonstrate that failure to consider her federal claims will result in a fundamental miscarriage of justice. "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal *habeas* review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) *citing Coleman*, 501 U.S. at 750. "To establish the requisite probability that he was actually

13

innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *Id.* at 221 *citing Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) *quoting Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064 (2006) *quoting Schlup,* 513 U.S. at 324 (noting that the miscarriage of justice exception based on innocence requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

Thus, a petitioner does not meet the threshold requirement for this exception unless he presents new reliable evidence that persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *See Finley, Fairman, Schlup* and *House, supra.*; *Woodfox v. Cain,* 609 F.3d 774, 793-794 (5th Cir. 2010) *citing Fairman*, 188 F.3d at 644 *quoting Schlup*, 513 U.S. at 327 (noting that a "claim of a miscarriage of justice is limited to a claim of 'actual innocence,' which requires the prisoner to establish through new and reliable evidence that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' "); *Foster v. Thaler*, 369 Fed. Appx. 598, 601-602 (5th Cir. 2010); *Komolafe v. Quarterman*, 246 Fed. Appx. 270, 272 (5th Cir. 20107); *Jones v. Johnson*, 212 F.3d 595, *10 (5th Cir. 2000) (unpublished). *See also*

14

*Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (declining to excuse a procedural default because no new evidence was presented); *Hubbard v. Pinchak*, 378 F.3d 333, 340-341 (3d Cir. 2004) (declining to review procedurally defaulted claim because the claimed "new" evidence was "nothing more than a repackaging of the record as presented at trial."); *Gomez v. Jaimet*, 350 F.3d 673, 679-680 (7th Cir. 2003) (noting that *Schlup* requires "new evidence" which "is reliable and that it was not presented at trial" and noting that "merely putting a different spin on evidence that was presented to the jury does not satisfy the *Schlup* requirements.").

Accordingly, because there is no new evidence in the vast majority of cases, the fundamental miscarriage of justice exception is rarely successful, and applies only in the "extremely rare" and "extraordinary case." *Schlup*, 513 U.S. at 324 and 321; *House*, 547 U.S. at 538 ("[I]t bears repeating that the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." (quotation omitted)).

In this case, Savoy points to no new evidence not presented at trial in support of her claims, or to excuse her procedural default. Rather, she merely argues the sufficiency of the evidence which was presented at trial. Such "repackaging of the record as presented at trial" does not excuse a procedural default to allow review of an underlying constitutional claim. *See Hubbard v. Pinchak*, 378 F.3d at 341.[7] Accordingly, petitioner

---

[7] Courts within the Fifth Circuit have consistently rejected claims of actual innocence to allow review of procedurally defaulted claims in the absence of new evidence. *See e.g. Warren v. Thaler*, 2011 WL 1563405, *3 (N.D. Tex. 2011); *Womack v. Quarterman*, 2011 WL 797445, *16 (S.D. Tex. 2011); *McCullough v. Diretcor TDCJ*, 2010 WL 5589346, *3-4 (E.D. Tex. 2010); *Bartee v. Quarterman*, 574 F.Supp.2d 624, 638-639 (W.D. Tex. 2008); *Kessler v. Moore*, 2005 WL 1593940, *8 (S.D. Miss. 2005); *Neidhardt v. Jones*, 2003 WL 22416385, *5 (E.D. La.

cannot avoid procedural default on grounds the she will suffer a fundamental miscarriage of justice from this court's failure to consider her claims.[8]

For these reasons, the undersigned concludes that petitioner's claims for relief are "traditionally" procedurally defaulted, and must therefore be denied.

## CONCLUSION

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

---

2003).

[8]The Fifth Circuit has held that "actual-innocence is not an independently cognizable federal-habeas claim." *Foster v. Quarterman*, 466 F.3d 359, 367-368 (5th Cir. 2006) *citing Dowthitt v. Johnson*, 230 F.3d 733, 741-742 (5th Cir. 2000)*; In re Wright*, 298 Fed. Appx. 342, fn. 3 (5th Cir. 2008).

**the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 17th day of May, 2011.

C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE